```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

THEODORE F. NUBY, SR.,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  )   C.A. No. 05-11125-RGS
                                  )
JUDGE DIANE MORIARTY and MARK     )
CONNOR,                           )
                                  )
            Defendants.           )
```

MEMORANDUM AND ORDER

For the reasons stated below, (1) plaintiff's Application to Proceed Without Prepayment of Fees is denied without prejudice; (2) plaintiff shall demonstrate good cause why he should not be enjoined from filing further actions without leave of court; and (3) if plaintiff files a new Application to Proceed Without Prepayment of Fees, he is directed to also demonstrate good cause why this action should not be dismissed for the reasons stated below.

BACKGROUND

On May 27, 2005, plaintiff Theodore F. Nuby, Sr., filed his self-prepared complaint alleging the violation of his rights by a state court judge and a court appointed attorney. Plaintiff seeks monetary damages and a speedy hearing or trial.

Plaintiff's complaint consists primarily of a recounting of events surrounding the plaintiff's arrest in 2002 and the subsequent criminal proceedings. Plaintiff complains that his court appointed attorney, defendant Connor, obtained plaintiff's signature on a document under false pretense. Plaintiff further

complains that Judge Moriarty failed to appoint a new attorney for plaintiff and failed to grant a continuance.

The Court recognizes that plaintiff Theodore Nuby has been a frequent litigant in this Court. The instant action is Mr. Nuby's ninth civil action in this district. See Nuby, et al. v. Egan, et al., C.A. No. 02-12412-RGS (§ 1983 action; dismissed); Nuby v. City of Brockton, et al., C.A. No. 01-11455-MEL (§ 1983 action; dismissed without prejudice); Nuby v. City of Boston, et al., C.A. No. 00-10014-EFH (§ 1983 action; dismissed); Nuby v. City of Boston, et al., C.A. No. 98-11863-EFH (§ 1983 action; dismissed); Nuby v. City of Boston, C.A. No. 97-10671-EFH (§ 1983 action; dismissed); Nuby v. South Boston Savings Bank, C.A. No. 96-12376-RGS (Truth in Lending action pursuant to 15 U.S.C. § 1640; dismissed), aff'g, No. 98-1294 (1st Cir. Jan. 11, 1999); Nuby v. City of Boston, C.A. No. 88-2850-DPW (Bank Foreclosure action pursuant to 12 U.S.C. § 191; closed); and Nuby v. City of Boston, et al., C.A. No. 88-1230-WJS (§ 1983 action; closed Dec. 11, 1989).

## DISCUSSION

I.  The Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914

(filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

Plaintiff failed to fully answer question two on the application to proceed without prepayment of fees. See Application, Docket No. 2. Question two on the form asks litigants if they are employed. See Question No. 2. Although plaintiff reveals the fact that he is not employed, he has failed to reveal the date of his last employment, the amount of his take-home salary or wages and pay period, and the name of his last employer. See Question No. 2(b). Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice. I will grant plaintiff additional time to submit a new, fully-completed application.

II. Plaintiff's Complaint is Subject to Dismissal

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915. A district court may dismiss a

complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) Here, plaintiff's claims are subject to dismissal.

To the extent plaintiff seeks to bring a civil rights claim against defendant Connor, such a claim is subject to dismissal. A defense attorney, whether court-appointed or privately retained, represents only his client, not the state. Polk County v. Dodson, 454 U.S. 312 (1981). Thus, a defense attorney does not act under "color of state law," which is a critical element of a Section 1983 action. Since defendant Connor is not a state actor, he may not be sued under Section 1983.

Although plaintiff asserts his belief that Judge Moriarty "excluded her immunity by committing an illegal act in this trial," the doctrine of judicial immunity requires dismissal of the claims against this judicial defendant. The doctrine of judicial immunity protects judges from suit for any normal and

routine judicial act.  See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000) (Federal Courts Improvement Act of 1996 expanded doctrine of absolute judicial immunity to protect federal judges from injunctive relief as well as monetary damages); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (citation omitted) (same).  Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity.  Cok 876 F.2d at 2; Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) (scope of judge's jurisdiction construed broadly).  Because plaintiff fails to demonstrate in his complaint that Judge Moriarty acted in the clear absence of all jurisdiction, as is necessary to deprive a judge of immunity, his claim against her must fail.

Finally, lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-Feldman[1] doctrine.  See, e.g., Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citing Wang v.

---

[1]The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions:  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  See Hill, 193 F.3d at n. 1 (describing history of doctrine).

New Hampshire Bd. of Registration, 55 F.3d 698, 703 (1st Cir. 1995)) (describing Rooker-Feldman doctrine). The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court. See Feldman, 460 U.S. at 482-86; Rooker, 263 U.S. at 415-16.

The Rooker-Feldman doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See Feldman, 460 U.S. at 286 ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (internal quotation omitted); accord Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (Rooker-Feldman doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights); Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003) (Rooker-Feldman doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party).

A federal claim is "inextricably intertwined" with the

state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Hill, 193 F.3d at 39.  Here, to the extent that plaintiff's complaint may be read as attempting to appeal his conviction in the guise of a civil rights action, it is subject to dismissal under the Rooker-Feldman doctrine.  Rene v. Citibank, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (dismissing complaint that implicated propriety of state judgment of foreclosure and eviction); Dickerson v. Leavitt Rentals, 995 F. Supp. 1242, 1246-1247 (D. Kan. 1998) (dismissing eviction proceeding claims); see Hill, 193 F.3d 33 at 34 (dismissing).

    III. Petitioner Shall Demonstrate Good Cause
         Why He Should Not Be Enjoined From Filing

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)).  Plaintiff is advised that the continued filing of factually and legally deficient civil rights actions may warrant an injunction barring him from filing additional lawsuits without the aid and signature of counsel or unless specifically authorized by the Court.  See Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and

other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. U.S. Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1709 (1st Cir. 1980) (same).

ORDERS

ACCORDINGLY, it is hereby

ORDERED, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice; and it is further

ORDERED, plaintiff shall, within 35 days of the date of this Order, demonstrate good cause, in writing, why he should not be enjoined from filing further actions without leave of court; and it is further

ORDERED, if plaintiff wishes to proceed with this action, he shall, within 35 days of the date of this Order, (1) submit a new, fully completed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above.  If plaintiff fails to submit a new application or demonstrate good cause, this action will be dismissed without prejudice.

SO ORDERED.

 July 29, 2005              /s/ Richard G. Stearns
DATE                        RICHARD G. STEARNS
                            UNITED STATES DISTRICT JUDGE